PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF

HABEAS CORPUS BY A PERSON IN STATE CUSTODI

**FILED - GR**
September 21, 2022 2:32 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jjm   SCANNED BY: KB /9-22

UNITED STATES DISTRICT COURT

District Western
Southern District of Michigan

**1:22-cv-876
Ray Kent
U.S. Magistrate Judge**

Petitioner: Carl W. Mott #193734

Place of confinement:
Carson City Corr. Fac.
10274 Boyer Rd.
Carson City, MI 48811

Petitioner                                        Respondent

**CARL WESLEY MOTT**          v.          **RANDY REWERTS**

The Attorney General of Michigan:
Dana Nessel
P.O. Box 30212
Lansing, MI 48909

## RE-PETITION

1.  **2nd Judicial Circuit Court for the County of Berrien**:

    (a). Case No. 16-00321-FH;

    (b). Conviction by trial, April 12, 2017;

    (c). Sentence date, May 15, 2017, term of sentence 10 to 30 yrs.;

2. In this case there was more than one charge:

    (a). Home Invasion 1st degree, MCL 750.110a

    (b). Habitual offender MCL 769.12

2

(c). Larceny under $200.00 (stealing an outdoor picnic table), leaving the scene of an accident, driving on suspended license.

3. Petitioner pled not guilty

    (a). Jury trial.

4. Petitioner did not testify at a pretrial, trial or post-trial hearing.

5. Petitioner has appealed from judgment of conviction.

6. Petitioner has appealed in the following courts:

    (a). **Michigan Court of Appeals**, docket No. 338923;

    (b). Result: Affirmed.

    (c). Date of result: July 24, 2018;

    (d). Citation to the case: 2018 Mich. App. Lexis 2902

    (e). Grounds raised: Insufficient evidence, failing to remove juror for cause. (See "Attachment A" "Exhibit 1" Court of Appeals opinion and order of denial)

    (f). Did you seek further review by a higher state court: X Yes     No

7. **Michigan Supreme Court,** docket No. 158419

    (a). Result: Denied, arguments had no merit.

    (b). Date of result: February 2, 2019.

    (c). Reconsideration: Denied, lacked merit.

    (d). Date of result: May 28, 2019.

    (e). Grounds raised: Insufficient evidence, failing to remove juror for cause, Ineffective assistance of counsel for failing to object to Court's use of uncertified Spanish translator. (See "Attachment A" "Exhibit 3" M.S.C. denial of Petitioners leave to appeal)

8. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions for relief from judgment pursuant to subchapter 6.500 of the Michigan Court rules? Yes

If your answer was "Yes," give the following information:

(a) Berrien County Court: docket No. 16-003281-FH

(b) Nature of proceeding: MCR 6.500

(c) Grounds raised: Denial of right to confrontation, prosecutorial misconduct, trial court error, ineffective assistance of counsel, procedural default doctrine rights violation, and appellate counsel ineffectiveness. (see "Attachment B" "Exhibit 4" trial courts opinion of denial Petitioners 6.500)

(d). Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes          X No

(e). Result: Denied

(f). Date of result: November 2, 2020.

Did you appeal to the highest state court having jurisdiction over the action taken on your petition?
(1). First petition: X Yes          No
(2). Second petition:  X Yes     No

9. For this petition, state every ground on which you claim that you are being held in violation of the constitution, laws, or treaties of the United States.
Attach additional pages if you have more than four grounds.
State the facts supporting each ground.

I.      **DEFENDANT WAS DENIED HIS RIGHT TO CONFRONTATION DUE TO AN INTERPRETER UNABLE TO PROPERLY TRANSLATE.**

II.     **APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND BRING UP ISSUES THAT HAD MERIT.**

III.    **PROSECUTORIAL MISCONDUCT AND ERRORS SHIFTED THE BURDEN OF PROOF ONTO THE DEFENDANT VIOLATING HIS DUE PROCESS RIGHT TO A FAIR AND IMPARTIAL TRIAL.**

IV.     **THE PROSECUTOR FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE GUILT BEYOND A REASONABLE DOUBT THAT DEFENDANT WAS GUILTY OF 1ST DEGREE HOME INVASION.**

V.      **TRIAL COURT ERRORS DENIED DEFENDANT A FAIR TRIAL.**

VI.     **DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL.**

VII.    **DEFENDANTS PROCEDURAL DEFAULT RIGHTS WERE VIOLATED WHERE COUNSEL WAS INEFFECTIVE IN FAILING TO INVESTIGATE**

4

AND ARGUE INACURACIES IN HABITUAL CHARGE AND IMPROPER SCORING OF PRV 1, PRV 2, PRV 5, AND OV 3 AND OV 9.

VIII.    WHERE THE TRIAL COURT ERRED IN REFUSING TO EXCUSE A JUROR FOR CAUSE, WHO WAS A "CLOSE ACQUAINTANCE" OF THE COMPLAINING WITNESS; AND REQUIRED USE OF A DEFENSE PEREMPTORY CHALLENGE TO REMOVE THAT JUROR, DEFENDANT'S CONVICTION SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL.

---

**Also, in this re-petition, Petitioner, has new case law that has been considered to run retroactive that can be found in (Ground VII) see** *Morell 20-1238 v. Wardens, 2021 U.S. App. Lexis 26709.* Petitioner, again apologizes for the previous untimeliness of his first attempt with his petition for habeas relief.

Petitioner, believes, there is no higher duty of a court, under our constitutional system, than the careful processing and the adjudication of petitions for writ of habeas corpus, for it is in such proceedings that a person in custody charges that error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law. The Court in *Sanders v. United States, 373 US 1, 8; 83 S. CT. 1068; 10 L. Ed 2d 148 (1963)* feels the same way. This Honorable Court, will see that Petitioner, through his brief in support and state court records, is being unlawfully detained, where the prosecution used unconstitutional tactics to gain a conviction, and defense counsel and appellate counsel were both ineffective, and the trial court abused its discretion, all of this led up to a violation of Petitioners Six and Fourteenth Amendment rights. Please see the following grounds, with argument and evidence to be found in brief in support of the petition, w/attachments. Thank you.

## GROUND I
## DEFENDANT WAS DENIED HIS RIGHT TO CONFRONTATION DUE TO AN INTERPRETER UNABLE TO PROPERLY TRANSLATE.

(a). Supporting facts:

(1). Petitioner's Trial Counsel, was concerned and objected that the states interpreter, Mr. Ugalde, summarized, editorialized, and paraphrased during preliminary examination. The trial court was addressed this but failed to follow through with its instructions to interpreter, as shown during voir dire of interpreter (TT v1: pgs. 11-12). Regardless of the objection and, despite the instruction from the trial court, the trial court still allowed the interpreter, Mr. Ugalde, to summarize, editorialize, and paraphrase over 100 times during trial. Trial counsel was ineffective for failing to continue his objection as to these errors. Trial counsel also failed to object to the interpreter being un-certified, only qualified, and by his own admission, failed the Oral test twice, a test that is crucial for word for word interpretation. Failing this test twice shows that interpreter Ugalde, was incapable of performing word for word translations, thus preventing Petitioner's confrontation of Spanish speaking witnesses, violating his right to due process and Constitutional right to cross examination. (2). Interpreter Ugalde, during a break, was also seen outside the court room talking with state witnesses, this was in violation of a sequester order (TT v2: pgs. 276-278), yet the trial court ignored this and stated to the defense, "what does it matter?" Trial counsel raised this issue but failed to object to this. Trial counsel had more than one opportunity to move for a mistrial due to the actions of this court appointed interpreter's actions, and the trial court, by law, should have declared a mistrial when it learned of the interpreter going over transcripts and meeting with witnesses outside of the court's presence, but failed to protect the Petitioner's right to a fair trial and process. Defense could not develop proper strategy due to interpreter's inadequacy and interference. Petitioner contends that the state courts have made decisions that are contrary to established Federal law, as determined by the Supreme Court of the United States, and prejudiced Petitioner preventing him a fair trial and process, and that this Honorable District Court must rule in his favor, where Petitioner has met the burden of rebutting the presumption of correctness presumed of state courts. Petitioner, prays that this Honorable Court grant his habeas petition and any relief this Court deems just and necessary. This interpreter, Mr. Ugalde, who was unable to properly translate in a word for word manner, effectively prevented Petitioner, Mr. Mott from cross examination of the two non-English speaking witnesses, being that Petitioner does not speak Spanish, nor his attorney, nor the Prosecutor, nor the Court, effective translation was crucial. This violated Petitioners right to a fair trial, resulting in the illegal conviction and incarceration of Petitioner.
**(See "brief in support" Ground I, for details and in depth argument)**

(b). Ground I has been exhausted in the state courts.

(c). Did not raise Ground I in appeal of right due to ineffective assistance of appellate counsel.

(d). Raised Ground I in post-conviction MCR 6.500.

6

Name and location of the court where motion was filed: **Berrien County Court**

     Docket No. 2016-003281-FH

     Date of court's decision of denial: November 2, 2020

     Result (attached copy of trial court's decision): (see Attachment C)

    (e). Did you receive a hearing on your motion?   Yes      X No

    (f). Did you appeal from the denial of your motion?   X Yes    No

    (g). If your answer to question (f) is Yes, did you raise this issue in the appeal?
      X Yes    No

Name and location of the court where the appeal was filed: **Michigan Court of Appeals**

     Docket No. 356426

     Date of court's decision of denial: June 16, 2021

     Reconsideration denied: July 22, 2021

Petitioner then filed appeal with: **Michigan Supreme Court**

     Docket No. 163390

     Date of court's decision of denial: May 3, 2022

     Reconsideration: Denied

     Date of court's decision of denial: July 28, 2022

## GROUND II
## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO INVESTIGATE AND BRING UP ISSUES THAT HAD MERIT

(a). Supporting facts:

Had appellate counsel investigated Petitioner's trial and preliminary examination transcripts thoroughly, (as seen in Petitioner's brief in support grounds for relief), he would have discovered several preserved and plain error issues of Constitutional magnitude, including: 1) ineffective foreign language interpreter, a preserved issue objected to and brought to the trial courts attention; 2) several trial court errors, which amounted to an unfair trial; 3) ineffective assistance of trial counsel for failing to protect Petitioners right to a fair and impartial trial; 4) prosecutorial error that was objected to and sustained with no curative instruction given to the jury; 5) several sentencing issues, including improperly scored variables and insufficient habitual charge. Petitioner can show through Court of Appeals register of action that appellate counsel received Petitioners transcripts on 10/02/2017 and submitted Petitioners brief on appeal on 10/04/2017, (see M.C.O.A. register of action, "Attachment A" Exhibit 2) leaving less than 48 hours to come up with issues, develop a strategy, and investigate any irregularities, or inconsistencies, and write Petitioner's brief. Petitioner contends that his appellate counsel Mr. Carron, was in a hurry to get Petitioners brief done and did not have any strategy to assist Petitioner effectively. This rushed action caused appellate counsel to miss these Constitutional violations contained herein. Petitioner prays that this Honorable Court grant his habeas petition and any relief this Court deems just and necessary.
**(see attached "brief in support" Ground II, for details and in depth argument. (Also See M.C.O.A. register of action "Attachment A" Exhibit 2)**

(b). Ground II has been exhausted in the state courts.

(c). Did not raise Ground II in appeal of right due to ineffective assistance of appellate counsel.

(d). Raised Ground II in post-conviction MCR 6.500.

Name and location of the court where motion was filed: **Berrien County Court**

Docket No. 2016-003281-FH

Date of court's decision of denial: November 2, 2020

Result (attached copy of trial court's decision): (see Attachment C exhibit 5)

(e). Did you receive a hearing on your motion?   Yes        X No

(f). Did you appeal from the denial of your motion?   X Yes      No

(g). If your answer to question (f) is Yes, did you raise this issue in the appeal?
    X Yes      No

Name and location of the court where the appeal was filed: **Michigan Court of Appeals**

  Docket No. 356426

  Date of court's decision of denial: June 16, 2021

  Reconsideration denied: July 22, 2021

Petitioner then filed appeal with: **Michigan Supreme Court**

  Docket No. 163390

  Date of court's decision of denial: May 3, 2022

  Reconsideration: Denied

  Date of court's decision of denial: July 28, 2022

## GROUND III
**PROSECUTORIAL MISCONDUCT AND ERRORS SHIFTED THE BURDEN OF
PROOF ONTO THE DEFENDANT VIOLATING HIS DUE PROCESS RIGHT
TO FAIR AND IMPARTIAL TRIAL**

(a). Supporting facts:
 (1). During voir dire, Prosecutor began presenting statements of things not in evidence.
(TT v1: pgs. 48-50) (2). Prosecutor referenced "multiple area robberies" as if Petitioner,
Mr. Mott, was responsible. Prosecutor, impermissibly called Petitioner a liar, not once, but
three times, (TT v2: 376-377) and also said to the jury, that "Petitioner wasn't man enough
to admit what he did." (TT v2: pg. 377) (3). Prosecution, during his rebuttal close,
attacked Petitioner's trial counsel when he stated to the jury that, "defense counsel was
trying to mislead them to create reasonable doubt. (TT v2: pgs. 378-380) (4). Prosecutor
also violated "*Brady*" when he withheld crime scene photos of the night of the offense in
question. (TT v2: pgs. 343-344) Petitioner prays that this Honorable Court grant his
habeas petition and any relief this Court deems just and necessary.
 **(see attached "brief in support" Ground III, for details and in depth argument)**

(b). Ground III has been exhausted in the state courts.

(c). Did not raise Ground III in appeal of right due to ineffective assistance of appellate
   counsel.

(d). Raised Ground III in post-conviction 6.500.

Name and location of the court where motion was filed: **Berrien County Court**

  Docket No. 2016-003281-FH

9

Date of court's decision of denial: November 2, 2020

Result (attached copy of court's decision): (see Attachment C Exhibit 5)

(e). Did you receive a hearing on your motion?   Yes        X No

(f). Did you appeal from the denial of your motion?  X Yes      No

(g). If your answer to question (f) is Yes, did you raise this issue in the appeal?
       X Yes      No
Name and location of the court where the appeal was filed: **Michigan Court of Appeals**

Docket No. 356426

Date of court's decision of denial: June 16, 2021

Reconsideration denied: July 22, 2021

Petitioner then filed appeal with: **Michigan Supreme Court**

Docket No. 163390

Date of court's decision of denial: May 3, 2022

Reconsideration: Denied

Date of court's decision of denial: July 28, 2022

## GROUND IV
### THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE HOME INVASION BEYOND A REASONABLE DOUBT

(a). According to MCL 750.110a a part of a defendant's body must cross the threshold of a dwelling in order to satisfy the element of entry. Prosecutor in Petitioners case could not and did not prove this element beyond a reasonable doubt. Nowhere during Petitioners trial was it shown that any person, or camera, witnessed Petitioner nor any other person entering or leaving the housing unit, nor was it shown that any person or camera witness any doors opening nor closing. Also there was absolutely no exculpatory physical evidence presented, no finger prints, no DNA, nothing was broken, nothing was stolen, only an inference to some cabinets that a resident may or may not have left open.
**(See M.C.O.A. opinion of denial "Attachment A" Exhibit 1) (Also see brief in support Ground IV, for details and in depth argument)**

(b). Direct appeal on ground six?  X Yes            No

(c). Ground IV has been exhausted in the state courts;

10

(d). Raised Ground IV in appeal of right **Michigan Court of Appeals**, which was denied on July 24, 2018;

(e). Raised Ground IV in leave to appeal **Michigan Supreme Court**, which was summarily denied on February 2, 2019;

(f). Raised Ground IV in reconsideration to **Michigan Supreme Court,** which was summarily denied on May 28, 2019;

## GROUND V
### TRIAL COURT ERRORS DENIED DEFENDANT A FAIR TRIAL

(a). Supporting facts:

Trial Court employed an ineffective interpreter for the Prosecutions non-English speaking key witnesses, which was objected to by trial counsel. (TTv1: pgs. 137-143) Trial Court was made aware that interpreter Ugalde, (by Ugalde himself) when Ugalde stated during voir dire that, "he was in a room going over transcripts, police report and other documents, and that he did this to get his story straight." (TT v1: pg. 127) Petitioner contends that a mistrial should have been declared or in the least, a new effective interpreter employed. Trial Court allowed the interpreter, Raymond Ugalde, to interrupt objections by defense several times, allowed interpreter to give his own meaning to what the Spanish speaking witnesses said not what they actually said, and then to explain his answers. (TT v1: pgs. 250-251; 252-254; 258-259; 262-263; 290-291; 293-305) Interpreter Ugalde, during a break, was also seen outside the court room talking with state witnesses, (TT v2: pgs. 276-278), yet, when trial counsel brought this to the courts attention, the trial court ignored this and stated to the defense, "what does it matter?", this was in violation of a sequester order, and could have been considered witness tampering, but the trial court did not seem to care. See sequester order (TT v1: pg. 16). Trial Court allowed Prosecutor to reference multiple area robberies, (TT v1: pg. 148; v2: pgs. 362-363) commit Brady violation by withholding crime scene photos of the night in question that would have assisted the defense. (TT v2: pgs. 343-344)
**(see attached "brief in support" Ground V for details and in depth argument)**

(b). Ground V has been exhausted in the state courts.

(c). Did not raise Ground V in appeal of right due to ineffective assistance of appellate counsel.

(d). Raised Ground V in post-conviction 6.500.
Name and location of the court where motion was filed: **Berrien County Court**
Docket No. 2016-003281-FH

Date of court's decision of denial: November 2, 2020

Result (attached copy of trial court's decision): (see Attachment B)

(e). Did you receive a hearing on your motion?    Yes        X No

(f). Did you appeal from the denial of your motion?  X Yes      No

(g). If your answer to question (f) is Yes, did you raise this issue in the appeal?
        X Yes      No
Name and location of the court where the appeal was filed: **Michigan Court of Appeals**

    Docket No. 356426

    Date of court's decision of denial: June 16, 2021

    Reconsideration denied: July 22, 2021

Petitioner then filed appeal with: **Michigan Supreme Court**

    Docket No. 163390

    Date of court's decision of denial: May 3, 2022

    Reconsideration: Denied

    Date of court's decision of denial: July 28, 2022

## GROUND VI
### DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL

(a). Supporting facts:
    (1). Trial counsel failed to investigate the crime scene, interview any witnesses, nor did counsel investigate the lighting or lack of lighting in order to ascertain whether witnesses were being truthful or mistaken. (2). Trial Counsel failed to object to the prosecutor's demeaning of Petitioner, telling the jury "he wasn't man enough to admit what he did, and calling him a liar three times. (TT v2: pgs. 376-377) (3). Trial Counsel failed to object to the use of photos taken almost three months after the offense of open kitchen cabinets used to say that Petitioner had "rifled" through the cabinets. (TT v1: pgs. 137-142) (4). Trial Counsel failed to develop a sound trial strategy by not addressing specific testimony or lack thereof from states witnesses and offer proper alternatives. (5). Trial Counsel also failed to object to Prosecutions "Brady" violation for failure to produce crime scene photos of the night in question, which would have been beneficial to defense, as the photos could have been used to show inconsistencies in witness testimony. (TT v2: pgs. 343-344) (6). Trial Counsel failed to move for a directed verdict after Prosecution rested where Prosecutor failed to prove the element of entry according to MCL 750.110a.
    **(see attached "brief in support" Ground VI for details and in depth argument)**

(b). Ground VI has been exhausted in the state courts.

(c). Did not raise Ground VI in appeal of right due to ineffective assistance of appellate counsel.

(d). Raised Ground VI in post-conviction 6.500.

Name and location of the court where motion was filed: **Berrien County Court**

Docket No. 2016-003281-FH

Date of court's decision of denial: November 2, 2020

Result (attached copy of court's decision): (see Attachment B)

(e). Did you receive a hearing on your motion?   Yes        X No

(f). Did you appeal from the denial of your motion?   X Yes      No

(g). If your answer to question (f) is Yes, did you raise this issue in the appeal?
       X Yes      No

Name and location of the court where the appeal was filed: **Michigan Court of Appeals**

Docket No. 356426

Date of court's decision of denial: June 16, 2021

Reconsideration denied: July 22, 2021

Petitioner then filed appeal with: **Michigan Supreme Court**

Docket No. 163390

Date of court's decision of denial: May 3, 2022

Reconsideration: Denied

Date of court's decision of denial: July 28, 2022

13

## GROUND VII
**PETITIONERS DEFAULT DOCTRINE RIGHTS WERE VIOLATED WHERE TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO INVESTIGATE AND PROPERLY ARGUE INNACURACIES IN HABITUAL CHARGE AND IMPROPER SCORING OF PRV 1, PRV 2, PRV 5, AND OV 3, AND OV 9**

(a). Supporting facts:

Trial counsel failed to investigate Petitioner's P.S.I.R. and records thoroughly where he would have found facts and to properly argue that the State used two felonies that stemmed from a single incident to form the habitual charge in violation of state and federal statutes and court rules. Trial counsel also failed to investigate P.S.I.R. where he would have found that state used charges that fell outside the ten-year gap rule, including PRV 2, and PRV 5. PRV 1 was scored at 75 where it should have been 25, as the only one high severity crime could have been used. PRV 5 was scored at 15 where it should have been scored at 2 since only one misdemeanor charge could have been used. OV 3 was scored using "judicial fact finding" and was scored at 5, where it should have been scored at 0. OV 9 was scored at 10, where it should have been scored at 0 since there was no weapon involved and no person was placed in danger, where mere presence does not constitute danger. Proper guideline minimum range would have been 36 to 60 months, not the 78 to 250 months scored by the state. Also new retroactive case as to the use of Michigan guidelines scheme being unconstitutional where the use of "judge found facts" is involved, in violation of *Alleyne.*

**(See State Court's opinion of denial "Attachment C") Also see Ground VII of Petitioners brief in support of this habeas petition.**

(b). Ground VII has been exhausted in the state courts.

(c). Did not raise Ground VII in appeal of right due to ineffective assistance of appellate counsel.

(d). Raised Ground VII in post-conviction 6.500.

Name and location of the court where motion was filed: **Berrien County Court**

Docket No. 2016-003281-FH

Date of court's decision of denial: November 2, 2020

Result (attached copy of court's decision): (see Attachment B)

(e). Did you receive a hearing on your motion?   Yes        X No

(f). Did you appeal from the denial of your motion?   X Yes      No

(g). If your answer to question (f) is Yes, did you raise this issue in the appeal?

X Yes        No

14

Name and location of the court where the appeal was filed: **Michigan Court of Appeals**
Docket No. 356426

Date of court's decision of denial: June 16, 2021

Reconsideration denied: July 22, 2021

Petitioner then filed appeal with: **Michigan Supreme Court**

Docket No. 163390

Date of court's decision of denial: May 3, 2022

Reconsideration: Denied

Date of court's decision of denial: July 28, 2022

## GROUND VIII
**WHERE THE TRIAL COURT ERRED IN REFUSING TO EXCUSE A JUROR FOR CAUSE, WHO WAS A "CLOSE ACQUAINTANCE" OF THE COMPLAINING WITNESS; AND REQUIRED USE OF A DEFENSE PEREMPTORY CHALLENGE TO REMOVE THAT JUROR, DEFENDANT'S CONVICTION SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL.**

(a). Challenges for cause may be based on bias, partiality, disqualifying opinion, or other facts disclosed by a juror's examination which fairly indicate that the juror may not be in a condition to render a fair and impartial verdict if permitted to serve. Trial Courts decision denying Petitioner's challenge for cause of the next door neighbor of the complaining witness was contrary to clearly established constitutional law. By forcing Petitioner to use peremptory challenge, Petitioner was not able to use the challenge on another prospective juror, one whom actually made it onto the jury. Petitioner can show actual prejudice entering the jury box. The Michigan Appellate Court as well as the Michigan Supreme Court, went against Supreme Court precedent by denying Petitioners appeal, where Petitioner has shown actual prejudice and abuse of discretion, that Petitioner was denied a fair trial because of this prejudice.
**(See M.C.O.A. opinion of denial "Attachment A" Exhibit 1) (Also see brief in support Ground VIII, for details and in depth argument.)**

(b). Direct appeal on ground VIII?  X Yes          No

(c). Ground VIII has been exhausted in the state courts;

(d). Raised Ground VIII in appeal of right **Michigan Court of Appeals**, which was denied on July 24, 2018;

(e). Raised Ground VIII in leave to appeal Michigan Supreme Court, which was summarily denied on February 2, 2019;

15

(f). Raised Ground VIII in reconsideration to Michigan Supreme Court, which was summarily denied on May 28, 2019;

10. Have all the grounds for relief that you have raised in this petition been presented to the court having jurisdiction?    X Yes              No

11. Petitioner, petitioned this Honorable Court, Western District of Michigan, the Honorable Paul L. Maloney, presiding, Case No. 1:20-cv-835 under 28 U.S.C. § 2254 with a petition for writ of habeas corpus as well as a motion to stay and hold in abeyance in order to exhaust state court remedy's, on 8/27/2020. Which was summarily dismissed <u>without prejudice</u> as being untimely and for failure to exhaust, but that Petitioner would be able to re-petition once the exhaustion requirement was met, and that Petitioner had 113 days to re-petition this Court once the Michigan Supreme Court rendered its final decision. Final decision was July 28, 2022. (Courts opinion included "Attachment C")

12. Give each name and address, if you know, of each attorney who represented you in the judgment you are challenging:

(a). Arraignment and plea: no counsel

(b). Preliminary examination: Stand-in appointed counsel/Scott R. Sanford (P43777), 100 Church St. St. Joseph, MI 49085.

(c). At trial: Appointed counsel/Ryan T. Wojtowicz (P73233), 515 Ship St. Ste. 204, St. Joseph, MI 49085.

(d). Appeal of right: Appointed counsel/Dana B. Carron (P44436), 17301 Livernois Ave. Ste. 331, Detroit, MI 48221.

(e). Leave to appeal M.S.C.: Kristina L. Dunne (P45490), P.O. Box 97, Northville, MI 48167.

(f). Reconsideration of leave to appeal M.S.C.: Kristina L. Dunne (P45490), P.O. Box 97, Northville, MI 48167.

(g). Post-conviction proceedings: MCR 6.500 in *Pro Per*; leave to appeal M.C.O.A. in *Pro Per*; leave to appeal M.S.C. in *Pro Per*, reconsideration of denial to leave to appeal in M.S.C., in *Pro Per*.

13. Do you have any future sentence to serve after you complete the sentence for judgment you are challenging?    Yes              X No

16

## PRAYER FOR RELIEF

Petitioner prays this Honorable Court will grant the re-petition of his writ of habeas corpus and forgive his ignorance for prematurely filling his writ, to which his Honor so graciously pointed out that Petitioner did not have to file a motion to stay and hold in abeyance due to the fact that Petitioner had a 6.500 in the lower court at the time and was within his time limitation and was therefore, not untimely, and that Petitioner would have 113 days following the State Courts final decision in which to re-file his habeas corpus. (**see District Court opinion from 10/14/2020, page 4 para. 2 "Attachment D"**) Petitioner has now exhausted his state remedies and request this Court grant him relief.

Thank you for your time and patience.

I declare under penalty of perjury that the forgoing is true and correct and that this petition for Writ of Habeas Corpus was placed in the prison mailing system on

Sincerely, _Carl W Mott_                    Date: 9/2/22

Petitioner in *Pro Se*
Carl W. Mott #193734
Carson City Corr. Fac.
10274 Boyer Rd.
Carson City, MI 48811

MOTT 193734
Carson City Corr. Fac.
10274 Boyer Rd.
Carson City, MI 48811



**UNITED STATES**
**POSTAL SERVICE ®**

**USPS TRACKING #**



9114 9022 0078 9427 0426 25

Label 400   Jan. 2013
7690-16-000-7948



Clerk
United States District Court
Western District Michigan
399 Federal Building
110 Michigan St.
Grand Rapids, MI 49503